IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOUTHERN PAINTERS WELFARE FUND and TRUSTEES OF THE SOUTHERN PAINTERS WELFARE FUND, DARRYL TRAYLOR and WALTER J. ILCZYSZYN, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 22-1563 |
| v. | ) ) | Judge Cathy Bissoon |
| GARDEN STATE LIFE INSURANCE COMPANY and KISMET RISK MANAGEMENT ASSOCIATES, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

Defendants' Motion (Doc. 22) to dismiss Plaintiffs' Complaint (Doc. 1) will be denied without prejudice.

This case asserts an ERISA breach of fiduciary duty claim and state law claims for breach of contract and bad faith arising out of Defendant's failure to reimburse the Fund[1] under a stop loss insurance contract that the Fund purchased from Defendants.  Compl. (Doc. 1) ¶¶ 1, 19-20.  Defendants have moved to dismiss the ERISA count against them for failure to state a claim for breach of fiduciary duty.  Alternatively, they seek dismissal of the state-law claims under the ERISA preemption doctrine.  Defendants further seek dismissal of all claims against Defendant

---

[1] According to the Complaint, the Fund is a self-insured, multi-employer employee benefits plan that provides health benefits to employees who are members of a local union affiliated with the International Association of Painters and Allied Trades.  Compl. ¶¶ 1, 19.

Kismet Risk Management Associates, LLC ("Kismet"), on the grounds that Kismet was not an insurer. *See* Docs. 22, 23. Plaintiffs oppose Defendants' Motion as premature. (Doc. 27).

Although Defendants raise some compelling points, they have not persuaded the Court that Plaintiffs' claims fail under the relatively lenient standards applicable at the 12(b) stage. Plaintiffs have the right to plead in the alternative, and Defendants have not convinced the Court that the Complaint fails to state plausible claims for relief. The Court agrees with Plaintiffs that Defendants' arguments are more appropriately handled at the summary judgment stage, given that their resolution likely will require a consideration of information not discernable from the face of the pleadings, and facts uncovered through discovery will provide a more complete picture.

Consistent with the foregoing, Defendants' Motion to dismiss Plaintiffs' Complaint (**Doc. 22**) is **DENIED**, without prejudice to renewal, as appropriate, on summary judgment. Defendants shall have fourteen (14) days from the date of this Order to file an Answer to Plaintiffs' Complaint. Once Defendants answer, the Court will enter an order setting an initial case management conference.

IT IS SO ORDERED.

September 28, 2023                                    s/Cathy Bissoon
                                                      Cathy Bissoon
                                                      United States District Judge

cc (via ECF email notification):

All Counsel of Record